# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| FABIO A. BINDEL, <br><br> Plaintiff, <br><br> v. <br><br> SELENE FINANCE LP and DOES 1 through 10, <br><br> Defendants. | CAUSE NO. 2:19-CV-177-TLS |

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction [ECF No. 11]. The Plaintiff, Fabio A. Bindel, proceeding pro se, filed a Complaint in this matter on May 10, 2019 [ECF No. 1]. The Plaintiff alleges that the Defendant, Selene Finance LP, improperly failed to offer him a mediation and settlement conference prior to an action for foreclosure of his home. Compl. ¶¶ 15–16. The Complaint alleges five causes of actions: violation of Indiana Code §24-5-0.5-1 (Count 1); violation of Indiana Code §32-30-10.5 (Count 2); fraud (Count 3); violation of HUD Regulations, 24 C.F.R. §203.604 (Count 4); and violations of the False Claims Act FCA/Qui Tam, 31 U.S.C. §§3729, 3733 (Count 5).

The Defendant filed their motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss, ECF No. 11. Under 12(b)(1), the Defendant argues that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the Plaintiff's Complaint because the requested relief would require the Court to disrupt a final judgment of the state court. For the reasons set forth below, the Motion to Dismiss is GRANTED and the case is DISMISSED for LACK OF SUBJECT MATTER JURISDICITON.

## BACKGROUND

The Plaintiff procured a residential mortgage loan for the real property located at 1890 Fernhill Dr., Valparaiso, IN 46385. The mortgage loan was executed to secure the repayment of a promissory note. Both the note and mortgage were assigned to the Defendant. The Plaintiff defaulted but was able to secure loan assistance through Indiana's Hardest Hit Fund (the "Fund"). The Fund reinstated Plaintiff's account beginning March 18, 2015, and provided assistance to the Plaintiff through November 1, 2016. The Defendant received funds amounting to $29,711.78 from the Fund and applied it to the Plaintiff's account. The Plaintiff stopped making payments on the mortgage after December 29, 2016 and became delinquent on February 1, 2017. The Defendant sent the Plaintiff a default letter on March 21, 2017 providing the Plaintiff an opportunity to cure.

After the Plaintiff failed to cure the default, the Defendant filed a complaint on the note and for foreclosure on the mortgage in Porter County Superior Court on July 6, 2017. *See* Mot. to Dismiss, Foreclosure Complaint, ECF No. 11-3.[1] Ultimately, the Porter County Superior Court entered a default judgment for foreclosure on December 7, 2017, against the Plaintiff. *See* Mot. to Dismiss, Judgment Entry and Decree of Foreclosure, ECF No. 11-4.

Subsequently, the Plaintiff filed a Chapter 13 bankruptcy petition in the Northern District of Indiana. ECF No. 11-5, Docket for Bankruptcy Petition, Case No. 18-20610. The bankruptcy case was dismissed after the Plaintiff failed to meet certain plan requirements. *See id.*

---

[1] Because the Defendant is making a factual attack against jurisdiction, the Court may weigh evidence outside the pleadings. *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Next, on May 29, 2018, the Plaintiff filed a motion in Porter County Superior Court to vacate the foreclosure judgment. On July 10, 2018, the Porter County Superior Court denied the motion to vacate. The Plaintiff did not appeal the decision.

Again, the Plaintiff turned to the bankruptcy court on February 11, 2019, by filing a Chapter 13 bankruptcy petition. *See* ECF No. 11-6, Docket for Bankruptcy Petition, Case No. 19-20261. On the trustee's motion, the case was dismissed on April 5, 2019. *See id.*

Plaintiff filed this instant case on May 10, 2019, essentially arguing that the state court's foreclosure judgment was erroneous because the Defendant misapplied the payments it received from the Hardest Hit Fund and failed to offer the Plaintiff a mediation or settlement conference during the foreclosure action in state court.

On June 18, 2019, the Plaintiff filed a Motion for Preliminary Injunction for Expedited Consideration, or for Temporary Restraining Order [ECF No. 10], requesting that the Court halt the foreclosure sale scheduled for July 17, 2019. One day later, the Defendant filed a Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction [ECF No. 11]. On June 26, 2019, the Defendant filed its Response [ECF No. 14] to the Plaintiff's Motion for Preliminary Injunction. On July 3, 2019, the Plaintiff filed his Opposition [ECF No. 17] to the Defendant's Motion to Dismiss. On July 10, 2019, the Defendant filed a Reply [ECF No. 19] in support of its Motion to Dismiss. Finally, on July 15, 2019, the Plaintiff filed a Sur-Reply [ECF No. 21] in Opposition to the Defendant's Motion to Dismiss.

Though the Plaintiff alleges federal and state law claims against the Defendant, the Court notes that the Plaintiff invoked this Court's jurisdiction through diversity jurisdiction by filing this litigation in federal court. As the Court must be able to ascertain the citizenship of the parties to determine if diversity jurisdiction exists, Magistrate Judge John E. Martin ordered the

Defendant, a limited partnership, to provide the names and citizenships of all its constituent partners and members. *See* June 13, 2019 Order, ECF No. 9. On June 10, 2019, the Defendant filed a Supplemental Jurisdictional Statement [ECF No. 19] informing the Court that it was still in the process of ascertaining the identifies and citizenships of all its constituent partners and members.

## DISCUSSION

Rule 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the plaintiff. *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

The Defendant argues that the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Under the *Rooker–Feldman* doctrine, lower federal courts lack jurisdiction to review the decisions of state courts in civil cases. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); then citing *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)).

The doctrine "prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment," and applies "even though the state court judgment might be erroneous or even unconstitutional." *Gilbert*, 591 F.3d at 900 (citations and quotation marks omitted). The doctrine "bars federal claims in two instances. The first involves a plaintiff's request of a federal district court to overturn an adverse state court judgment. The

second, and more difficult instance, involves federal claims that were not raised in state court or do not on their face require review of a state court's decision." *Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (citing *Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 532–33 (7th Cir. 2004)). In the second case, "*Rooker–Feldman* will act as a jurisdictional bar if those claims are 'inextricably intertwined' with a state court judgment." *Id.* (quoting *Taylor*, 374 F.3d at 533). Although the Seventh Circuit has described the inextricably intertwined inquiry as "a somewhat metaphysical concept," a district court must determine whether it "is in essence being called upon to review the state-court decision." *Taylor*, 374 F.3d at 533 (quotation marks omitted). "In order to determine the applicability of the *Rooker-Feldman* doctrine, the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

This Court lacks jurisdiction over this case under *Rooker-Feldman* as a claim-by-claim analysis of the Plaintiff's Complaint reveals that all five of Plaintiff's claims request that this Court undermine the state court's foreclosure judgment.

In Count 1, the Plaintiff alleges that the Defendant misapplied payments received from the Hardest Hit Fund, did not provide proper notice of foreclosure mediation, and did not correctly evaluate the Plaintiff's loss mitigation application, all in violation of Indiana Code §24-5-0.5-1. This Court deciding whether the Defendant misapplied funds from the Fund, however, would necessarily undermine the state court's decision in the foreclosure action where the state court decided in favor the Defendant. Similarly, the Court deciding that the Defendant did not provide proper notice of foreclosure mediation or correctly evaluate Plaintiff's loss mitigation

application would disturb the state court's decision that the Defendant was entitled to enforce the note and mortgage.

In Count 2, the Plaintiff also alleges that the Defendant did not provide notice to participate in foreclosure mediation. Again, if the Court finds that the Defendant did not provide notice for or participate in required foreclosure mediation, the Court would be attacking the state court's judgment allowing for a foreclosure sale.

For Count 3, the Plaintiff alleges that the Defendant engaged in fraud in its disbursement of payments received from the Fund. The Plaintiff also alleges in Count 3 that the Defendant engaged in fraud by failing to provide proper notice and evaluate the Plaintiff's loss mitigation application. Once again, if the Court were to find that the Defendant engaged in some fraud in applying the Fund payments, providing notice, or offering the loss mitigation application, then the Court would be effectively attacking the state court's decision that the Defendant is entitled to foreclose.

In Count 4, the Plaintiff alleges, under federal law, that the Defendant violated HUD regulations 14 C.F.R. § 203.604 when it supposedly failed to have a face-to-face meeting with the Plaintiff—a prerequisite to commencing a foreclosure action. Nevertheless, because the state court already determined that the Defendant was entitled to foreclose, this Court finding that a prerequisite to foreclosure was not met would be an attack on the state court's judgment granting foreclosure. Moreover, the Court has not been presented any information in the pleadings or parties' filings that the Plaintiff did not have a reasonable opportunity to bring this federal claim in the previous foreclosure action. *See Brown v. Bowman*, 668 F.3d 437, 442 (7th Cir. 2012) (*Rooker-Feldman* doctrine will only bar a new federal claim if the claim is inextricably

intertwined with the prior state court action and the plaintiff had "a reasonable opportunity to raise [the new federal claim] in state court proceedings").

Finally, for Count 5, also under federal law, the Plaintiff alleges a False Claims Act violation predicated on the Defendant's "careless and negligent" evaluation of the Plaintiff's loan modification application. The Court finding that the Defendant did not properly evaluate the Plaintiff's loan modification would have the affect of undermining the state court's decision that the Plaintiff's property should be foreclosed upon. Similarly, the Court does not find that the Plaintiff has been deprived a reasonable opportunity to raise the federal claim in the previous state court action, which involved the same property and loan at issue in this federal case. Therefore, the Court does not have jurisdiction to decide the issue under *Rooker-Feldman*.

As all five of the Plaintiff's claims would have the effect of disturbing the state court's foreclosure decision if the Court were to grant the Plaintiff's requested relief, the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction over the case. Consequently, this Court need not reach the issue of whether the Plaintiff properly states a claim under Rule 12(b)(6). Moreover, the Court need not wait for the Defendant to provide a subsequent jurisdictional statement to ascertain whether the Court has diversity jurisdiction over the state law claims as the Court has determined it already lacks subject matter jurisdiction over the entire case pursuant to the *Rooker-Feldman* doctrine.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss [ECF No. 11] is GRANTED and the case is DISMISSED for LACK OF SUBJECT MATTER JURISDICTION. Accordingly, the Court also DENIES the Plaintiff's MOTION FOR PRELIMINARY INJUNCTION, OR FOR

TEMPORARY RESTRAINING ORDER [ECF No. 10] as the Court lacks jurisdiction over the case.

SO ORDERED on July 15, 2019

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT